UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

ANNE DEVRIES,

    Plaintiff,

vs.

TEEN CHALLENGE OF FLORIDA, INC.
a Florida Not For Profit Corporation

    Defendant.
_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, ANNE DEVRIES ("Plaintiff" or "DEVRIES"), by and through undersigned counsel, files this Complaint against Defendant, TEEN CHALLENGE OF FLORIDA, INC. ("Defendant" or "TEEN CHALLENGE"), and states as follows:

## NATURE OF THE SUIT

1. This action is brought under the Fair Labor Standards Act ("FLSA") to recover from Defendant overtime compensation, lost wages including front and back pay, liquidated damages, reasonable attorneys' fees and costs, punitive damages, and any other damages permitted by law.

1

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff was an employee who performed administrative support services on behalf of Defendant in Seminole County, Florida.

3. TEEN CHALLENGE is a Florida Not For Profit Corporation located in Seminole County, Florida, and which, at all times relevant, performed work in Seminole County, Florida.

4. Jurisdiction is proper in this Court, as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. § 201, *et seq.*, hereinafter "FLSA"), to recover unpaid overtime wages, an additional equal amount as liquidated damages, to obtain declaratory relief, and reasonable attorneys' fees and costs.

5. Venue is proper in this Court, as the actions giving rise to this lawsuit occurred in Seminole County, Florida.

## FLSA COVERAGE

6. At all times material hereto, Defendant was, and continues to be an "employer" within the meaning of 29 U.S.C. § 203(d).

7. At all times material hereto, Plaintiff was an "employee" within the meaning of the FLSA.

8. At all times material hereto, Defendant was Plaintiff's "employer" within the meaning of the FLSA.

9. Based upon information and belief, the annual and gross revenue of Defendant was in excess of $500,000.00 per annum during all times relevant.

10. At all times material hereto, Defendant was, and continues to be, an "enterprise engaged in commerce" or in the production of goods for commerce as defined by the FLSA.

11. At all times material hereto, Defendant was primarily engaged in providing, among other things, drug/alcohol rehabilitation services, to local and out of state clients via its business located in Sanford, Seminole County, Florida.

12. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of § 6 and § 7 of the FLSA, but not for purposes of the Motor Carrier Act.

13. At all times material hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA, but not for purposes of the Motor Carrier Act.

14. At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as medicine, furniture, and office equipment and supplies, but which had come to rest within its location in Seminole County, Florida.

## FACTUAL ALLEGATIONS

15. Plaintiff worked for Defendant under the title of Assistant Manager from May 4, 2020, through May 23, 2020.

16. Plaintiff always worked in Seminole County, Florida, and her activities were at all times controlled and closely supervised by Defendant's managers and supervisors.

17. Plaintiff had no authority to hire or fire employees of TEEN CHALLENGE.

18. Plaintiff had no authority to discipline employees of TEEN CHALLENGE.

19. Plaintiff had no authority to determine the schedules to be worked by any employees of TEEN CHALLENGE, or to change the schedules.

20. Plaintiff had no authority to set rates of pay for other employees or agents of TEEN CHALLENGE.

21. Plaintiff had no input into performance reviews of other employees or agents of TEEN CHALLENGE.

22. All of Plaintiff's major decisions had to be cleared in advance by one of TEEN CHALLENGE's supervisors.

23. Plaintiff was closely monitored by TEEN CHALLENGE's managers and supervisors at all times.

24. Plaintiff followed procedures established by TEEN CHALLENGE and did exactly as she was instructed to do.

25. Throughout Plaintiff's employment, Defendant regularly required Plaintiff to work in excess of forty (40) hours per week.

26. Defendant paid Plaintiff an hourly rate.

27. From May 4, 2020, until May 23, 2020, Plaintiff regularly worked fifty-five (55) or more hours per week for Defendant.

28. Defendant failed to pay Plaintiff full and proper overtime compensation for all hours worked over forty (40) per week during the above-noted time period, instead paying her nothing at all for such hours during all of her periods.

29. Throughout her employment, Defendant engaged in the illegal practice of automatically deducting "lunch" hours regardless of whether Plaintiff actually took a lunch break.

30. Additionally, Defendant's managers arbitrarily changed Plaintiff's clocked-in and clocked-out hours in order to avoid paying overtime compensation for any and all hours worked over 40 hours for the relevant time period.

31. As a result, Plaintiff was forced to work "off the clock."

32. When Plaintiff worked more than forty (40) hours in a given work week, Defendant failed to properly pay her for all overtime hours worked.

33. When Plaintiff received her check and became aware of this illegality, she immediately objected to Defendant's Supervisor, Brett Richards ("Mr. Richards").

34. Pursuant to the FLSA, Plaintiff's above-noted objections were "protected activity." *See* 29 U.S.C. § 215(a)(3).

35. Defendant dismissed Plaintiff's objections and refused to pay her the money she is owed.

36. Instead, shortly after her objections, Defendant terminated Plaintiff, in violation of the law.

37. There is an extremely close temporal proximity/nexus between Plaintiff asserting her objections to Defendant's illegal pay practices and, her termination.

38. Plaintiff has been damaged as a result of Defendant's retaliation and termination of her employment.

39. As a result of Defendant's unlawful and retaliatory termination of her employment, Plaintiff has suffered severe financial loss.

40. Plaintiff should have been compensated at the rate of one and one-half times Plaintiff's regular rate for all hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA, throughout her employment.

41. Defendant violated Title 29 U.S.C. §207 in that:

(a) Plaintiff worked in excess of forty (40) hours in one or more workweeks for her period of employment with Defendant;

(b) No payments or provisions for payment have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for **all** hours worked in excess of forty (40) hours per work week, as provided

by the FLSA; and

(c) Defendant failed to maintain proper time records as mandated by the FLSA.

42. Prior to violating the FLSA, Defendant did not consult with an attorney to evaluate whether Plaintiff's actual job duties and pay structure rendered her exempt from recovering payment for all overtime worked under the FLSA.

43. Prior to violating the FLSA, Defendant did not consult with the DOL to evaluate whether Plaintiff's actual job duties and pay structure rendered her exempt from recovering payment for all overtime worked under the FLSA.

44. Prior to violating the FLSA, Defendant did not consult with an accountant to evaluate whether Plaintiff's actual job duties and pay structure rendered her exempt from recovering payment for all overtime worked under the FLSA.

45. Based on the allegations in Paragraphs 42-44, above, Plaintiff is entitled to liquidated damages, as Defendant has no objective or subjective good

faith belief that its pay practices were in compliance with the FLSA.

46. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A. to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

### COUNT I
### VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

47. Plaintiff reincorporates and re-alleges paragraphs 1-32, 40-46, above, as though set forth fully herein, and further alleges as follows:

48. Plaintiff is entitled to be paid time and one-half her regular rate of pay for each hour worked in excess of forty (40) per work week.

49. During Plaintiff's employment with Defendant, Plaintiff regularly worked overtime hours, but was not paid full and proper time-and-one-half compensation for all hours worked.

50. Plaintiff was not an exempt employee as defined by the FLSA, and was instead an hourly-paid, non-exempt employee as defined by the FLSA.

51. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one half her regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages in addition to incurring reasonable attorneys' fees and costs.

52. As a result of Defendant's willful violation of the FLSA, Plaintiff is

entitled to liquidated damages.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in her favor against Defendant, and that this Court:

a. Declare, pursuant to the FLSA that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

b. Award Plaintiff overtime compensation in the amount due to her for time worked in excess of forty (40) hours per work week;

c. Award Plaintiff liquidated damages in an amount equal to the overtime award;

d. Award Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e. Award Plaintiff pre-judgment interest; and order any other and further relief that the Court deems just and proper.

## COUNT II
## UNLAWFUL RETALIATION IN VIOLATION OF 29 U.S.C. § 215(a)(3)

53. Plaintiff reincorporates and re-alleges Paragraphs 1 through 46, above, as though set forth fully herein, and further alleges as follows:

54. Plaintiff objected to Defendant's illegal pay practices throughout her employment and on May 23, 2020 and asserted violations of the FLSA.

55. On May 23, 2020, Defendant illegally terminated Plaintiff from her

employment in violation of 29 U.S.C. § 215(a)(3).

56.     Plaintiff was terminated for no other reason than her objections to Defendant's illegal pay practices.

57.     As a result of Defendant's intentional, willful, and unlawful actions, Plaintiff has suffered damages, including but not limited to lost wages, lost benefits, lost employment status, as well as humiliation, pain and suffering, and other monetary and non-monetary losses.

58.     The retaliatory firing provision of the FLSA states that "it shall be unlawful for any person ... to discharge or in any other manner discriminate against an employee because such employee has filed any complaint ... under or related to this [Act]." 29 U.S.C. § 215(a)(3).

59.     In *EEOC v. White and Son Enterprises*, 881 F.2d 1006, 1011 (11th Cir. 1989), the Court held that "Congress sought to secure compliance with the substantive provisions of the labor statute by having 'employees seeking to vindicate rights claimed to have been denied,' and lodge complaints or supply information to officials regarding allegedly substandard employment practices and conditions. The anti-retaliation provision of the FLSA was designed to prevent fear of economic retaliation by an employer against an employee who chose to voice such a grievance." (citing to Mitchell v. Robert DeMario Jewelry, Inc., 361 U.S. 288, 292 (1960)).

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in her favor against Defendant:

    a. Declaring, pursuant to 29 U.S.C. §215(a)(3), that the acts and practices complained of herein are in violation of the FLSA;

    b. Awarding Plaintiff lost/back wages since the date of her termination;

    c. Awarding Plaintiff liquidated damages in an amount equal to the back wages award;

    d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

    e. Awarding Plaintiff pre-judgment interest;

    f. Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

*[This space was left intentionally blank]*

DATED this 19th day of January, 2021.

                                             Respectfully Submitted,

                                             ***/s/Noah E. Storch***
                                             Noah E. Storch, Esq.
                                             Florida Bar No. 0085476
                                             RICHARD CELLER LEGAL, P.A.
                                             10368 W. SR 84, Suite 103
                                             Davie, Florida 33324
                                             Telephone: (866) 344-9243
                                             Facsimile: (954) 337-2771
                                             E-mail: noah@floridaovertimelawyer.com

                                             *Trial Counsel for Plaintiff*