UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANNE DEVRIES,

       Plaintiff,

v.　　　　　　　　　　　　　　　　　　Case No:   6:21-cv-133-RBD-LRH

TEEN CHALLENGE OF FLORIDA,
INC. and TEEN CHALLENGE JOB
TRAINING, INC.,

       Defendants.

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **AMENDED JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT AND STIPULATION OF DISMISSAL WITH PREJUDICE (Doc. No. 36)**
>
> **FILED:**   October 18, 2021
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

**I.    BACKGROUND.**

On January 19, 2021, Plaintiff Anne Devries filed a complaint against Defendants Teen Challenge of Florida, Inc. and Teen Challenge Job Training, Inc.,

asserting a claim against Defendants for alleged failure to pay overtime in violation of the Fair Labor Standards Act ("FLSA") (Count I); and a claim that Defendants retaliated against her in violation of the FLSA by discharging her from employment (Count II).  Doc. No. 1.  On March 25, 2021, Plaintiff filed an amended complaint, a putative opt-in collective action, asserting only one claim for a violation of the overtime provisions of the FLSA.  Doc. No. 10.[1]

Defendants appeared in this matter by filing a motion to stay and motion to compel arbitration.  Doc. No. 26.  On June 10, 2021, the Court granted the motion, and stayed the case pending the outcome of the arbitration proceedings.  Doc. No. 29.

On September 8, 2021, the parties notified the Court that they had reached a settlement.  Doc. No. 30.  And on September 29, 2021, the parties filed a Joint Motion to Approve Settlement Agreement and Stipulation of Dismissal with Prejudice.  Doc. No. 32.  With their motion, the parties included a fully executed copy of their FLSA Settlement Agreement, Waiver, and Release.  Doc. No. 32-1.  The parties asked that the Court approve their settlement in accordance with *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982), and to dismiss the case in its entirety with prejudice.  Doc. No. 32.[2]

---

[1] No other persons have consented to join or otherwise opted in as Plaintiffs in this case.

[2] On September 30, 2021, the undersigned ordered the parties to file a notice stating whether or not they had entered into any other agreement (oral or written) that had not yet been

The motion was referred to the undersigned. On review, however, the parties had provided insufficient information for the undersigned to recommend that the Court approve the motion. Specifically, (1) it was unclear whether and to what extent Plaintiff was compromising her FLSA overtime claim; (2) the parties had not adequately supported the scope of the release; and (3) the release extended to non-parties to the agreement. *See* Doc. No. 35. Accordingly, the undersigned denied the motion without prejudice to filing a renewed motion addressing these issues. *Id.*

On October 18, 2021, the parties filed an Amended Joint Motion to Approve Settlement Agreement and Stipulation of Dismissal with Prejudice. Doc. No. 36. They have again included with the motion a fully executed copy of their FLSA Settlement Agreement, Waiver, and Release ("Agreement"). Doc. No. 36-1. The parties again ask that the Court approve their settlement in accordance with *Lynn's Food*, and to dismiss the case in its entirety with prejudice. Doc. No. 36. The amended motion has also been referred to the undersigned, and the matter is ripe for review.

---

disclosed to the Court, and that was related in any way to the present case and contained any of the following provisions: (1) a release extending beyond the FLSA claims in this case; (2) a confidentiality provision; or (3) a non-disparagement provision. Doc. No. 33. On October 1, 2021, the parties filed a joint notice stating that they "have not entered into any agreement, oral or in writing, that has not been disclosed to the Court. As stated in the Joint Motion, there is no other agreement between the Parties, other than the FLSA Settlement Agreement, Waiver, and Release which was attached to the Joint Motion for the Court's review." Doc. No. 34.

## II. APPLICABLE LAW.

In *Lynn's Food*, the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Lynn's Food*, 679 F.2d at 1353. A court may enter an order approving a settlement only if it finds that the settlement "is a fair and reasonable resolution of a bona fide dispute," of the plaintiff's FLSA claims. *Id.* at 1353–55. In doing so, the Court should consider the following nonexclusive factors:

- The existence of collusion behind the settlement.
- The complexity, expense, and likely duration of the litigation.
- The stage of the proceedings and the amount of discovery completed.
- The probability of plaintiff's success on the merits.
- The range of possible recovery.
- The opinions of counsel.

*Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). The Court may approve the settlement if it reflects a reasonable compromise of the FLSA claims that are actually in dispute. *Lynn's Food*, 679 F.2d at 1354.

When a settlement agreement includes an amount for attorneys' fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal

fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam).[3] The parties may demonstrate the reasonableness of the attorneys' fees by either: (1) demonstrating the reasonableness of the proposed attorneys' fees using the lodestar method; or (2) representing that the parties agreed to plaintiff's attorneys' fees separately and without regard to the amount paid to settle the plaintiff's FLSA claim. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

## III. ANALYSIS.

### A. *Whether Plaintiff Has Compromised Her FLSA Claim.*

Under the terms of the Agreement, Defendants will pay Plaintiff a total of $5,500.00, allocated as follows: (1) $1,250.00 in alleged unpaid overtime compensation; (2) $1,250.00 in liquidated damages; and (3) $3,000.00 in attorney's fees and costs. Doc. No. 36-1 ¶ 3. The Court granted a stay of this case and directed the parties to submit the dispute to arbitration prior to Plaintiff providing the Court any information on the amount of her FLSA unpaid wage claim. *See* Doc. No. 29. However, in the joint motion, the parties explain as follows:

> Plaintiff asserts that she worked for Defendants between fifty (50) and sixty (60) hours per week. Plaintiff's regular rate of pay was $15.00

---

[3] Unpublished opinions of the Eleventh Circuit are cited as persuasive authority. *See* 11th Cir. R. 36–2.

>per hour, which means that her overtime rate would have been $22.50 per hour. If Plaintiff did, in fact, work twenty (20) overtime hours during her employment with Defendants, she would be entitled to an additional $450.00 per week ($22.50 x 20 hours = $450.00 per week). Plaintiff worked for Defendants for approximately three (3) weeks, which means that Plaintiff's overtime wages would have totaled $1,350.00 per week ($450.00 per week x 3 weeks = $1,350.00). If liquidated, the total amount of damages owed to Plaintiff would have been $2,700.00.

Doc. No. 36, at 2.

Based on these representations, given that Plaintiff will receive less in settlement than her initial demand, this case involves a compromise of Plaintiff's claims within the meaning of *Lynn's Food*. *See Bonetti*, 715 F. Supp. 2d at 1226 ("Broadly construed, a compromise would entail any settlement where the plaintiff receives less than his initial demand.").

    *B.    Reasonableness of the Settlement Amount.*

Because Plaintiff has compromised her FLSA claim, the Court must, under *Lynn's Food*, evaluate whether the settlement amount that she agreed to accept is reasonable. In the joint motion, the parties explain that Defendants deny the material allegations of Plaintiff's amended complaint and contend that Plaintiff was properly compensated for all hours worked. Doc. No. 36, at 2. However, they note that Plaintiff will be receive over ninety (90) percent of the maximum wages she claimed to be owed, without deduction for overtime that was actually and already paid. *Id.* at 2–3. And notwithstanding their disagreements, the parties

have agreed to resolve this dispute, with the understanding that continuing to litigate would be expensive, time consuming, and uncertain. *Id.* at 3. The parties agree that the Agreement represents a full and fair resolution of Plaintiff's FLSA claims, and that the Agreement is fair and reasonable. *Id.* at 4, 6.

Because these representations adequately explain the reasons for the compromise of Plaintiff's overtime claim, I respectfully recommend that the Court find the amount of the compromise reasonable. *See Bonetti*, 715 F. Supp. 2d at 1227 ("If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable.").

C. *Attorney's Fees and Costs.*

Given that Plaintiff has compromised her FLSA claim, the Court must also consider whether the payment to her counsel is reasonable to ensure that the attorney's fees and costs to be paid did not improperly influence the amount that Plaintiff agreed to accept in settlement. *See Silva*, 307 F. App'x at 351.

Pursuant to the Agreement, counsel for Plaintiff will receive a total of $3,000.00 in fees and costs. Doc. No. 36-1 ¶ 3(a)(iii). In the joint motion, the parties certify that "fees and costs were negotiated separately and without regard to the amounts to be paid to Plaintiff in settlement of her FLSA claim. As such, Plaintiff's recovery has not been adversely affected by the amount of fees and costs to be paid to her attorneys under the Agreement." Doc. No. 36, at 4.

Based on these representations, and in the absence of objection, I recommend that the Court find that the amount of attorney's fees and costs Plaintiff's counsel will receive is reasonable and does not taint the amount that Plaintiff has agreed to accept for resolution of her FLSA overtime claim. *See Bonetti*, 715 F. Supp. 2d at 1228 (finding that when attorney's fee issue is "addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement").

D. *Other Terms of the Agreement.*

The Agreement contains a release, which provides as follows:

> In consideration of the Settlement Funds, DEVRIES releases the Company from all claims, causes of action, debts, costs, expenses, rights, obligations, and liabilities (including attorneys' fees and costs) that DEVRIES has against the Company under the FLSA through the date of her signing this FLSA Agreement. DEVRIES acknowledges that she has no other FLSA claim against the Company other than the claims asserted in the Amended Complaint in the Lawsuit.

Doc. No. 36-1 ¶ 5.

As discussed above, the undersigned questioned the propriety of the release in the parties' initial agreement, in part because it extended to non-parties to the agreement. *See* Doc. 35, at 4–5 (citing *Lina Arguelles et al. v. Noor Baig, Inc.*, No. 6:16-cv-2024-Orl-37TBS, Doc. No. 19 (M.D. Fla. Feb. 24, 2017)). In the Agreement, the parties have removed such language.

Moreover, the parties have clarified the scope of the release. Specifically, because Plaintiff initially asserted both an FLSA wage and retaliation claim, but dropped the retaliation claim in the amended complaint, it was not clear that Plaintiff had no FLSA claims beyond those asserted in the amended complaint. Doc. No. 35, at 3–4. Thus, the undersigned found that the release "from all claims, causes of action, debts, costs, expenses, rights, obligations, and liabilities . . . that DEVRIES has . . . under the FLSA" could be problematic. *See id.*

In the renewed joint motion, however, the parties explain that Plaintiff has no claims under the FLSA that were not asserted in the Amended Complaint. Doc. No. 36, at 2. Moreover, they have amended the release in the Agreement to clarify that Plaintiff "has no other FLSA claim against the Company other than the claims asserted in the Amended Complaint in the Lawsuit." Doc. No. 36-1 ¶ 5. Given these representations, I find the release permissible. *See Marte v. Gizmo Orlando, Inc.*, No. 6:18-cv-596-Orl-37KRS, Doc. No. 14 (M.D. Fla. June 22, 2018) (approving release that extended to blanket FLSA claims because, in part, the plaintiff "represents she has no claims beyond those already asserted and no interest in pursuing other wage-related claims under the FLSA."). *See also Monahan v. Rehoboth Hosp., Inc.*, No. 6:15-cv-1159-Orl-40KRS, 2015 WL 9258244, at *2 (M.D. Fla. Dec. 18, 2015) (noting that "a release in an FLSA settlement is generally reasonable so long as it is narrowly-tailored to the wage claims asserted in the complaint").

Upon review, the Agreement does not contain a confidentiality provision, non-disparagement clause, or other potentially problematic non-cash concession that would undermine the fairness of the parties' settlement. Accordingly, upon due consideration, I will respectfully recommend that the Court approve the parties' Agreement.

## IV. RECOMMENDATION.

Based on the foregoing, I **RESPECTFULLY RECOMMEND** that the Court:

1. **GRANT** the Amended Joint Motion to Approve Settlement Agreement and Stipulation of Dismissal with Prejudice (Doc. No. 36);

2. **APPROVE** the Agreement (Doc. No. 36-1), as a fair and reasonable resolution of a bona fide dispute under the FLSA;

3. **DISMISS** this case with prejudice; and thereafter

4. **DIRECT** the Clerk of Court to close the file.

### NOTICE TO PARTIES

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th

Cir. R. 3-1.  **If the parties have no objection to this Report and Recommendation, they may promptly file a joint notice of no objection**.

Recommended in Orlando, Florida on November 3, 2021.

*Leslie R. Hoffman*

LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record